UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
STEVEN SAMEDI,

                Plaintiff,

        v.

BROOKLYN EVENTS CENTER, LLC d/b/a
BARCLAYS CENTER, BROOKLYN SPORTS &
ENTERTAINMENT, ANSCHUTZ
ENTERTAINMENT GROUP, INC. and AEG
MANAGEMENT BROOKLYN, LLC,

                Defendants.
------------------------------------------------------------ x

Civil Action No. 1:19-cv-03273-ENV-RLM

**FIRST AMENDED ANSWER AND**
**AFFIRMATIVE DEFENSES**

Brooklyn Events Center, LLC d/b/a Barclays Center, Brooklyn Sports & Entertainment, Anschutz Entertainment Group, Inc. and AEG Management Brooklyn, LLC ("AEG") (collectively, "Defendants"), by and through their undersigned attorneys Sheppard, Mullin, Richter & Hampton, LLP, hereby answer the Amended Complaint filed August 5, 2019 (the "Complaint") by Plaintiff Steven Samedi ("Plaintiff") as follows:

## NATURE OF CLAIMS

1. Defendants deny each and every allegation set forth in Paragraph 1 of the Complaint.

2. Defendants deny each and every allegation set forth in Paragraph 2 of the Complaint, except admit that a gun was fired in Barclays Center on April 21, 2018 and aver that Plaintiff was terminated by AEG on May 2, 2018 as a result of his violation of several of AEG's policies in connection with the incident.

3. Defendants deny each and every allegation set forth in Paragraph 3 of the Complaint and aver that Plaintiff purports to bring this action pursuant to Section 1981 of the Civil

-1-

Rights Act of 1866, the New York State Human Rights Law and the Administrative Code of the City of New York.

4. Defendants deny each and every allegation set forth in Paragraph 4 of the Complaint and aver that Plaintiff purports to bring this action pursuant to § 740 of the New York Labor Law.

5. Defendants deny each and every allegation set forth in Paragraph 5 of the Complaint and aver that Plaintiff purports to seek the relief specified therein.

## JURISDICTION AND VENUE

6. Paragraph 6 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that Paragraph 6 of the Complaint sets forth factual allegations, Defendants deny each and every allegation.

7. Paragraph 7 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that Paragraph 7 of the Complaint sets forth factual allegations, Defendants deny each and every allegation.

8. Paragraph 8 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that Paragraph 8 of the Complaint sets forth factual allegations, Defendants deny each and every allegation.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, except aver that, on or about February 7, 2019, Defendants received a copy of the October 24, 2018 Charge of Discrimination (the

"Charge") that Plaintiff filed with the Equal Employment Opportunity Commission. Defendants respectfully refer the Court to the Charge for its content, meaning and legal effect, if any.

11. Paragraph 11 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that Paragraph 11 of the Complaint sets forth factual allegations, Defendants deny each and every allegation.

**PARTIES**

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint, except admit that Plaintiff worked for AEG as a member of the Security Department at Barclays Center.

13. Defendants deny each and every allegation set forth in Paragraph 13 of the Complaint, except admit that Barclays Center is located at 620 Atlantic Avenue, Brooklyn, New York 11217 and aver that BSE Global, which oversees programming, marketing, sales and operations for Barclays Center, is headquartered at 168 39th Street, 7th Floor, Brooklyn, New York 11232.

14. Defendants deny each and every allegation set forth in Paragraph 14 of the Complaint, and aver that BSE Global, which oversees programming, marketing, sales and operations for Barclays Center, is headquartered at 168 39th Street, 7th Floor, Brooklyn, New York 11232.

15. Defendants admit the allegations set forth in Paragraph 15 of the Complaint.

16. Defendants admit the allegations set forth in Paragraph 16 of the Complaint.

17. Defendants deny each and every allegation set forth in Paragraph 17 of the Complaint.

**FACTUAL ALLEGATIONS**

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19. Defendants deny each and every allegation set forth in Paragraph 19 of the Complaint and aver that Plaintiff was hired by AEG as a Security Equipment Supervisor on or around November 25, 2012.[1]

20. Defendants admit the allegations set forth in Paragraph 20 of the Complaint.[2][3][4]

21. Defendants deny each and every allegation set forth in Paragraph 21 of the Complaint and aver that it maintains a robust Security Department and that members of its Guest Services and Security Departments routinely interact.

22. Defendants deny each and every allegation set forth in Paragraph 22 of the Complaint, except admit that Plaintiff was promoted to Assistant Manager, Security in March 2017 and deny knowledge or information sufficient to form a belief as to Plaintiff's perceptions of his job.

23. Defendants admit the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny each and every allegation set forth in Paragraph 24 of the Complaint.

---

[1] Defendants deny each and every allegation set forth in Footnote 1 of the Complaint and aver that in September 2014 Plaintiff's Security Equipment Supervisor position was eliminated, and he accepted the position of Part-Time Event Supervisor.
[2] Defendants respectfully refer the Court to the website listed in Footnote 2 of the Complaint for its content, meaning and legal effect, if any.
[3] Defendants respectfully refer the Court to the website listed in Footnote 3 of the Complaint for its content, meaning and legal effect, if any.
[4] Defendants respectfully refer the Court to the website listed in Footnote 4 of the Complaint for its content, meaning and legal effect, if any.

25. Defendants deny each and every allegation set forth in Paragraph 25 of the Complaint, and respectfully refer the Court to the "Disney training materials" referenced in Paragraph 25 for their content, meaning and legal effect, if any.

26. Defendants deny each and every allegation set forth in Paragraph 26 of the Complaint, and aver that Plaintiff received various training throughout his employment.

27. Defendants deny each and every allegation set forth in Paragraph 27 of the Complaint.

28. Defendants deny each and every allegation set forth in Paragraph 28 of the Complaint.

29. Defendants deny each and every allegation set forth in Paragraph 29 of the Complaint.

30. Defendants deny each and every allegation set forth in Paragraph 30 of the Complaint.

31. Defendants deny each and every allegation set forth in Paragraph 31 of the Complaint, and aver that AEG hired Latoya Gustus as a security officer in or around September 1, 2012, promoted her to Supervisor in or around May 1, 2017, promoted her to Assistant Manager, Security, in or around January 22, 2018 and then promoted her to Manager, Security, in or around May 16, 2018.

32. Defendants deny each and every allegation set forth in Paragraph 32 of the Complaint.

33. Defendants deny each and every allegation set forth in Paragraph 33 of the Complaint.

34. Defendants deny each and every allegation set forth in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that Paragraph 35 of the Complaint sets forth factual allegations, Defendants deny each and every allegation.

36. Defendants admit the allegations set forth in Paragraph 36 of the Complaint.[5][6][7]

37. Defendants deny each and every allegation set forth in Paragraph 37 of the Complaint and respectfully refer the Court to the document referenced therein for its content, meaning and legal effect, if any.

38. Defendants deny each and every allegation set forth in Paragraph 38 of the Complaint and aver that while AEG does not alter its level of security screening, it may tailor its security strategy for events held at Barclays Center based on a number of factors, including, but not limited to, the event's layout, timing and expected attendance.

39. Defendants deny each and every allegation set forth in Paragraph 39 of the Complaint.[8]

40. Defendants deny each and every allegation set forth in Paragraph 40 of the Complaint.

---

[5] Defendants respectfully refer the Court to the websites listed in Footnote 5 of the Complaint for its content, meaning and legal effect, if any.
[6] Defendants respectfully refer the Court to the websites listed in Footnote 6 of the Complaint for its content, meaning and legal effect, if any.
[7] Defendants respectfully refer the Court to the website listed in Footnote 7 of the Complaint for its content, meaning and legal effect, if any.
[8] Defendants respectfully refer the Court to the website listed in Footnote 8 of the Complaint for its content, meaning and legal effect, if any.

41. Defendants deny each and every allegation set forth in Paragraph 41 of the Complaint, except admit that the Power 105.1 Powerhouse concert took place at Barclays Center on September 1, 2015.

42. Defendants deny each and every allegation set forth in Paragraph 42 of the Complaint.[9]

43. Defendants deny each and every allegation set forth in Paragraph 43 of the Complaint.

44. Defendants deny each and every allegation set forth in Paragraph 44 of the Complaint.

45. Defendants deny each and every allegation set forth in Paragraph 45 of the Complaint, except admit that Barclays Center is the home of the NBA's Brooklyn Nets.

46. Defendants deny each and every allegation set forth in Paragraph 46 of the Complaint and aver that, on April 5, 2018, Barclays Center hosted an event for the UFC Media from 11 am to 1 pm, and a second event being the New York Islanders hockey game at 7 pm.

47. Defendants deny each and every allegation set forth in Paragraph 47 of the Complaint, except admit that a dispute involving Conor McGregor occurred in the parking garage of Barclays Center on April 5, 2018.[10]

48. Defendants deny each and every allegation set forth in Paragraph 48 of the Complaint.

49. Defendants deny each and every allegation set forth in Paragraph 49 of the Complaint, except admit that Barclays Center hosted a boxing match between Adrien Broner and

---

[9] Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Footnote 9 of the Complaint.
[10] Defendants respectfully refer the Court to the website listed in Footnote 10 of the Complaint for its content, meaning and legal effect, if any.

-7-

Jessie Vargas on April 21, 2018 (the "Match") and the Soulfrito Urban Latin Music Fest on June 8, 2018.[11]

50. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint.

51. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint and aver that members of AEG's Security Department were aware of certain social media exchanges between Tekashi69 and Adrien Broner well in advance of the Match without any input from Plaintiff.

52. Defendants deny each and every allegation set forth in Paragraph 52 of the Complaint and respectfully refer the Court to Plaintiff's alleged April 12, 2018 email described in Paragraph 52 for its content, meaning and legal effect, if any.

53. Defendants deny each and every allegation set forth in Paragraph 53 of the Complaint, and respectfully refer the Court to Plaintiff's alleged April 12, 2018 email described in Paragraph 53 and the Youtube videos therein for their content, meaning and legal effect, if any.

54. Defendants deny each and every allegation set forth in Paragraph 54 of the Complaint, except deny knowledge and information sufficient to form a belief as to Plaintiff's allegations regarding Tekashi69's May 22, 2018 arrest.

55. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint and aver that members of AEG's Security Department were aware of certain social media exchanges between Tekashi69 and Adrien Broner well in advance of the Match without any input from Plaintiff.

---

[11] Defendants admit the allegations set forth in Footnote 11 of the Complaint.

56. Defendants deny each and every allegation set forth in Paragraph 56 of the Complaint.

57. Defendants deny each and every allegation set forth in Paragraph 57 of the Complaint.

58. Defendants deny each and every allegation set forth in Paragraph 58 of the Complaint, except admit that Mr. Rosario, Ms. Gustus and Plaintiff were each scheduled to work during the Match.

59. Defendants deny each and every allegation set forth in Paragraph 59 of the Complaint.

60. Defendants admit the allegations set forth in Paragraph 60 of the Complaint and aver that Calixte Paulemon's first name is incorrectly spelled "Caliste."

61. Defendants admit the allegations set forth in Paragraph 61 of the Complaint.

62. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Complaint.

63. Defendants deny each and every allegation set forth in Paragraph 63 of the Complaint.

64. Defendants deny each and every allegation set forth in Paragraph 64 of the Complaint.

65. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of the Complaint.

66. Defendants deny each and every allegation set forth in Paragraph 66 of the Complaint.

67. Defendants deny each and every allegation set forth in Paragraph 67 of the Complaint.

68. Defendants deny each and every allegation set forth in Paragraph 68 of the Complaint.

69. Defendants deny each and every allegation set forth in Paragraph 69 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff's mental state.

70. Defendants deny each and every allegation set forth in Paragraph 70 of the Complaint.

71. Defendants deny each and every allegation set forth in Paragraph 71 of the Complaint, except admit that a gun was fired during an altercation between associates of Tekashi69 and Casanova.

72. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of the Complaint.

73. Defendants deny each and every allegation set forth in Paragraph 73 of the Complaint.

74. Defendants admit the allegations set forth in Paragraph 74 of the Complaint.

75. Defendants deny each and every allegation set forth in Paragraph 75 of the Complaint.

76. Defendants deny each and every allegation set forth in Paragraph 76 of the Complaint.

77. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Complaint.

78. Defendants deny each and every allegation set forth in Paragraph 78 of the Complaint.

79. Defendants deny each and every allegation set forth in Paragraph 79 of the Complaint.

80. Defendants deny each and every allegation set forth in Paragraph 80 of the Complaint, except admit that AEG suspended Plaintiff without pay on or around April 24, 2018.

81. Defendants deny each and every allegation set forth in Paragraph 81 of the Complaint.

82. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82 of the Complaint, but deny each and every statement attributed to Mr. Rosebrook.

83. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of the Complaint, but deny each and every statement attributed to Barclays Center management.

84. Defendants deny each and every allegation set forth in Paragraph 84 of the Complaint, and respectfully refer the Court to the alleged April 25, 2018 email exchange described in Paragraph 84 for its content, meaning and legal effect, if any.

85. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 of the Complaint.

86. Defendants deny each and every allegation set forth in Paragraph 86 of the Complaint and respectfully refer the Court to the alleged May 1, 2018 email described in Paragraph 86 for its content, meaning and legal effect, if any.

87. Defendants deny each and every allegation set forth in Paragraph 87 of the Complaint and respectfully refer the Court to the alleged May 2, 2018 email described in Paragraph 87 for its content, meaning and legal effect, if any.

88. Defendants deny each and every allegation set forth in Paragraph 88 of the Complaint.

89. Defendants deny each and every allegation set forth in Paragraph 89 of the Complaint.

90. Defendants deny each and every allegation set forth in Paragraph 90 of the Complaint and aver that Plaintiff was terminated on May 2, 2018 following an investigation into his misconduct.

91. Defendants deny each and every allegation set forth in Paragraph 91 of the Complaint.

92. Defendants deny each and every allegation set forth in Paragraph 92 of the Complaint.

93. Defendants deny each and every allegation set forth in Paragraph 93 of the Complaint.

94. Defendants deny each and every allegation set forth in Paragraph 94 of the Complaint.

95. Defendants deny each and every allegation set forth in Paragraph 95 of the Complaint.

96. Defendants deny each and every allegation set forth in Paragraph 96 of the Complaint.

97. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 97 of the Complaint.

98. Defendants deny each and every allegation set forth in Paragraph 98 of the Complaint.

99. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 99 of the Complaint.

**FIRST CAUSE OF ACTION**
**NYLL – Whistleblower Retaliation**

100. Defendants incorporate the responses made to Paragraph 1 through 99 of the Complaint as if fully set forth herein.

101. Paragraph 101 of the Complaint sets forth a legal conclusion to which no response is required.[12] To the extent that Paragraph 101 of the Complaint sets forth factual allegations, Defendants deny each and every allegation.

102. Defendants admit the allegations set forth in Paragraph 102 of the Complaint.[13] [14] [15]

103. Defendants deny each and every allegation set forth in Paragraph 103 of the Complaint and respectfully refer the Court to the document referenced therein for its content, meaning and legal effect, if any.

---

[12] Defendants respectfully refer the Court to the document cited in Footnote 12 of the Complaint for its content, meaning and legal effect, if any.
[13] Defendants respectfully refer the Court to the websites listed in Footnote 13 of the Complaint for its content, meaning and legal effect, if any.
[14] Defendants respectfully refer the Court to the websites listed in Footnote 14 of the Complaint for its content, meaning and legal effect, if any.
[15] Defendants respectfully refer the Court to the website listed in Footnote 15 of the Complaint for its content, meaning and legal effect, if any.

104. Paragraph 104 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that Paragraph 104 of the Complaint sets forth factual allegations, Defendants deny each and every allegation.

105. Paragraph 105 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that Paragraph 105 of the Complaint sets forth factual allegations, Defendants deny each and every allegation.

106. Paragraph 106 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that Paragraph 106 of the Complaint sets forth factual allegations, Defendants deny each and every allegation.

## SECOND CAUSE OF ACTION
### (Discrimination: Title VII)

107. Defendants incorporate the responses made to Paragraph 1 through 106 of the Complaint as if fully set forth herein.

108. Paragraph 108 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that Paragraph 108 of the Complaint sets forth factual allegations, Defendants deny each and every allegation.

109. Paragraph 109 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that Paragraph 109 of the Complaint sets forth factual allegations, Defendants deny each and every allegation.

110. Paragraph 110 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that Paragraph 110 of the Complaint sets forth factual allegations, Defendants deny each and every allegation.

## THIRD CAUSE OF ACTION
### Section 1981 – Discrimination

111. Defendants incorporate the responses made to Paragraph 1 through 110 of the Complaint as if fully set forth herein.

112. Paragraph 112 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that Paragraph 112 of the Complaint sets forth factual allegations, Defendants deny each and every allegation.

113. Paragraph 113 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that Paragraph 113 of the Complaint sets forth factual allegations, Defendants deny each and every allegation.

114. Paragraph 114 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that Paragraph 114 of the Complaint sets forth factual allegations, Defendants deny each and every allegation.

## FOURTH CAUSE OF ACTION
### Executive Law – Discrimination

115. Defendants incorporate the responses made to Paragraph 1 through 114 of the Complaint as if fully set forth herein.

116. Paragraph 116 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that Paragraph 116 of the Complaint sets forth factual allegations, Defendants deny each and every allegation, except admit that AEG employed Plaintiff at all relevant times.

117. Paragraph 117 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that Paragraph 117 of the Complaint sets forth factual allegations, Defendants deny each and every allegation.

118. Paragraph 118 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that Paragraph 118 of the Complaint sets forth factual allegations, Defendants deny each and every allegation.

## FIFTH CAUSE OF ACTION
### City Law – Discrimination

119. Defendants incorporate the responses made to Paragraph 1 through 118 of the Complaint as if fully set forth herein.

120. Paragraph 120 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that Paragraph 120 of the Complaint sets forth factual allegations, Defendants deny each and every allegation, except admit that AEG employed Plaintiff at all relevant times.

121. Paragraph 121 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that Paragraph 121 of the Complaint sets forth factual allegations, Defendants deny each and every allegation.

122. Paragraph 122 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that Paragraph 122 of the Complaint sets forth factual allegations, Defendants deny each and every allegation.

123. Paragraph 123 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that Paragraph 123 of the Complaint sets forth factual allegations, Defendants deny each and every allegation.

## PRAYER FOR RELIEF

124. Defendants deny each and every allegation set forth in the Wherefore clause of the Complaint, inclusive of subparagraphs (a)-(i), and deny that Plaintiff is entitled to any relief.

## DEMAND FOR A TRIAL BY JURY

125. The section entitled "Demand for a Trial By Jury" in the Complaint sets forth a legal conclusion to which no response is required. To the extent that this section of the Complaint sets forth factual allegations, Defendants deny each and every allegation, except aver that Plaintiff purports to seek a trial by jury.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

126. The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

127. The claims are barred, in whole or in part, by the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

128. The claims are barred, in whole or in part, by the equitable doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

129. The claims are barred, in whole or in part, by the equitable doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

130. The claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

131. The claims are barred, in whole or in part, because at no time did Defendants act in a willful, wanton, reckless and/or malicious manner.

## SEVENTH AFFIRMATIVE DEFENSE

132. The claims are barred, in whole or in part, by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

133. The claims are barred, in whole or in part, because Plaintiff has failed to mitigate any alleged damages.

### NINTH AFFIRMATIVE DEFENSE

134. Plaintiff is not entitled to any of the relief sought in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

135. Plaintiff has failed to state facts sufficient to constitute claims for statutory penalties because Defendants acted, at all times, in good faith and had reasonable grounds for believing their conduct complied with applicable laws and regulations.

### ELEVENTH AFFIRMATIVE DEFENSE

136. Plaintiff did not satisfactorily perform the duties required of his position.

### TWELFTH AFFIRMATIVE DEFENSE

137. Plaintiff's employment was terminated for legitimate, non-discriminatory and non-retaliatory business reasons.

### THIRTEENTH AFFIRMATIVE DEFENSE

138. Plaintiff did not engage in protected activity.

### FOURTEENTH AFFIRMATIVE DEFENSE

139. Plaintiff was not employed by Brooklyn Events Center, LLC d/b/a Barclays Center.

### FIFTEENTH AFFIRMATIVE DEFENSE

140. Plaintiff was not employed by Brooklyn Sports & Entertainment.

**RESERVATION OF DEFENSES**

Defendants reserve their right to add, amend and/or supplement this Answer to assert those defenses which it deems necessary to their defense during or upon the conclusion of investigation and discovery.

**WHEREFORE**, Defendants seek judgment against Plaintiff:

(a) Denying all relief sought by Plaintiff and dismissing the Complaint in its entirety, with prejudice;

(b) Awarding Defendants their costs and disbursements associated with this action, including reasonable attorneys' fees, to the maximum extent allowed by law; and

(c) Granting Defendants such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 26, 2019

Respectfully submitted,

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By: _/s/ Jonathan Stoler_
Jonathan Stoler
Lindsay C. Stone

30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 653-8700
Fax: (212) 653-8701
jstoler@sheppardmullin.com
lstone@sheppardmullin.com
*Attorneys for Brooklyn Events Center, LLC d/b/a Barclays Center, Brooklyn Sports & Entertainment, Anschutz Entertainment Group, Inc. and AEG Management Brooklyn, LLC*