UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

STEVEN SAMEDI,

                    Plaintiff,

          v.

BROOKLYN EVENTS CENTER, LLC d/b/a
BARCLAYS CENTER, BROOKLYN SPORTS &
ENTERTAINMENT, ANSCHUTZ
ENTERTAINMENT GROUP, INC. and AEG
MANAGEMENT BROOKLYN, LLC,

                  Defendants.

Civil Action No. 1:19-cv-03273-ENV-RLM

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Steven Samedi ("Plaintiff") and Defendants Brooklyn Events Center, LLC d/b/a Barclays Center, Brooklyn Sports & Entertainment, Anschutz Entertainment Group, Inc. and AEG Management Brooklyn, LLC (together, "Defendants") and the undersigned counsel for each of the foregoing parties to this agreement (collectively, the "Parties," and each individually a "Party"), that the following provisions shall govern disclosure and use of all documents, testimony, in this action and all appeals or related proceedings taken or filed in connection therewith ("the Litigation"):

    1.     Discovery (including, without limitation, informed discovery in connection with settlement or mediation) in this action may involve the disclosure of documents, things and information in the possession, custody or control of the parties or non-parties that constitute or contain confidential information including, but not limited to, personal information, trade secrets and/or other confidential research, development, commercial, or proprietary information;

    2.     The parties to this agreement, and their employees, agents, attorneys, and representatives shall follow the procedures set forth herein with respect to certain documents and other information produced and/or disclosed in connection with the Litigation:

3. Definitions:

(a) The term "Discovery Material" shall mean all documents or other information produced by any entity, deposition transcripts or recordings and the contents thereof.

(b) The term "Producing Entity" shall mean any party or non-party who produces Discovery Material to any party in connection with the Litigation.

(c) The term "Receiving Party" shall mean any party who receives Discovery Material in connection with the Litigation.

(d) The term "Confidential Information" or "Confidentially Designated Information" shall mean any information labeled as "Confidential" pursuant to the terms of this Stipulated Protective Order, any copies of that information, and any information or documents containing any portion, abstract, or summary of that information.

4. Labeling of Confidentially Designated Information. Any Discovery Material that constitutes or contains sensitive personal information (such as personal identifiers, financial information, tax records, medical records or other health information, and employer personnel records), trade secrets and/or other confidential research, development, commercial, or proprietary information may be conspicuously labeled "Confidential."

5. Curing a Failure To Designate. Notwithstanding the terms of paragraphs 4(a) and 4(b), the inadvertent or unintentional production of documents or other material without labeling such documents as "Confidential" shall not be deemed a waiver in whole or in part of a Producing Entity's claim to so label such information, provided that the Producing Entity gives prompt,

-2-

written notice of the desired designation to all Parties after discovery of such inadvertent disclosure or failure to designate.

6. Labeling of Deposition Transcripts.

(a) Any Producing Entity may designate all or part of a deposition transcript as "Confidential" using the same criteria set forth in paragraph 4 above. Such designation may be made on the record during the deposition, or may be made by giving written notice to the court reporter and counsel for all Parties within ten (10) days after receiving the transcript from the court reporter.

(b) If, during a deposition, a question calls for an answer that any person desires to be governed by a confidentiality designation pursuant to this Order, that person may request any person to leave the room for the period of such confidentially designated testimony where disclosure of that testimony to such person would not be permitted by paragraph 6 of this Order.

7. Challenging a Designation. No party shall be obligated to challenge the propriety of the confidentiality designation of documents or depositions at the time such designation is made, and failure to do so shall not preclude a subsequent challenge to such designation. Any party may challenge such designation at any time, by first giving notice of such challenge to the Producing Entity. In the event that one Party challenges another Party's designation of Confidential Information, within three (3) business days, counsel for the designating party shall make a good faith effort to resolve the dispute on an informal basis. The documents or information that are the subject of the "Confidential" designation shall be treated as designated under the protection of this Order pending the Court's decision resulting from the conference. All Discovery Material

designated as "Confidential" by a designating party will be treated as designated unless such designation is changed by mutual agreement of the Parties or Court order.

    8.   Prohibited Disclosures and Uses.

    (a)   Confidential Information shall be used or disseminated only for the purpose of prosecuting or defending claims in the Litigation and not for any other purpose. Confidential Information shall not be disclosed to any person except the following:

    (i)   The Parties;

    (ii)   The in-house counsel for the Parties and attorney(s) of record for the Parties, and their paralegal, stenographic, and clerical employees, clerical agents, or clerical sub-contractors whose duties and responsibilities require access to such Discovery Material to assist in the Litigation;

    (iii)   Any outside copying, document processing, or document storage entity or person retained by any party to assist in connection with the Litigation;

    (iv)   Any graphics person or entity retained by any party to assist in the production of demonstrative evidence or visual aids;

    (v)   Any outside consultants, and their employees whose duties and responsibilities require access to materials designated Confidential Information, whose advice and consultation are being or will be used by the Parties in connection with the Litigation;

    (vi)   Any witness who counsel for a Party in good faith believes may be called to testify at trial, hearing or deposition in this action or is called to testify at trial hearing or deposition in this action (and their counsel), so long

-4-

as the disclosure is reasonably necessary for purposes of this litigation, and provided such person has, prior to disclosure, has first acknowledged in writing by signing the certificate attached hereto as Exhibit A that they have read this Stipulated Protective Order and agree to be bound by its terms;

(vii) Persons designated and disclosed as expert witnesses to assist in the conduct of the Litigation;

(viii) The Court;

(ix) Court reporters, stenographers, and persons preparing transcripts of testimony under the supervision of a court reporter or stenographer; and

(x) Any person as may hereafter be agreed to in writing by the Producing Entity or as may hereafter be authorized by further order of the Court.

(b) Notwithstanding anything else in this Order, (i) there shall be no prohibition of disclosure of Confidentially Designated Information to the Producing Entity, or to any person identified in such document as its author, addressee, or copyee, or to any person where it is plain from the face of the document that the person has previously seen such document; (ii) if Confidentially Designated Information makes specific reference to words or conduct attributed to any person, any party may reveal such specific reference to the person to whom such words or conduct are attributed; and (iii) there shall be no prohibition of disclosure of Confidentially Designated Information to any non-party witness during a deposition or trial testimony given by the witness provided the examining attorney has a good faith basis for believing that the witness has knowledge regarding the Confidentially

Designated Information.   To the extent that any Confidentially Designated Information is disclosed to a non-party witness pursuant to this paragraph, the party making such disclosure shall provide a copy of this Order to that witness and the witness's attorney prior to such disclosure and will inform the witness and the witness's attorney that this Order governs the disclosure of such information.

(c)     Notwithstanding anything else in this Order, the usage, dissemination, and disclosure restrictions and obligations set forth herein shall not apply to any information which: (i) was public knowledge when produced by the Producing Entity or has become public knowledge other than as a result of disclosure by a Receiving Party, its employees or agents in violation of this Protective Order; (ii) has come or shall come into a Receiving Party's legitimate possession independently of the Producing Entity or (iii) has been independently developed by or for the Receiving Party without use of, or reference to, the Producing Entity's Confidentially Designated Information.

9.     No disclosure may be made to a person identified in Paragraph 8(a)(iv)-(vi) unless that person has first acknowledged, in writing by signing the certificate attached hereto as Exhibit A, that they have read this Stipulated Protective Order and agree to be bound by its terms.

10.     Filing Papers with the Court.

(a)     All Confidentially Designated Information that is filed with the Court and any pleadings, motions, or other Court papers that disclose Confidentially Designated Information shall he filed under seal in accordance with the individual rules of the United States District Judge or United States Magistrate Judge

-6-

responsible for reviewing, responding to and/or ruling upon said pleading, motion or other Court paper.

(b)     The Parties shall limit disclosures of Confidentially Designated Information in documents submitted to the Court to information that the disclosing party believes in good faith is relevant to its submission.

11.     Inadvertent Production of Privileged Material. The inadvertent production of Discovery Material claimed to be privileged by the Producing Entity shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Entity or other person would otherwise be entitled. Notice of any claim of privilege or protection as to any document claimed to have been disclosed inadvertently shall be given in writing promptly after the discovery of that inadvertent disclosure. Upon receiving such notice, the Receiving Party shall promptly return to the Producing Entity or other person entitled to such protection that material and all copies or reproductions thereof as to which the claim of inadvertent production has been made, shall destroy all notes or other work product reflecting the contents of such material, and shall delete such material from any litigation-support or other database; provided, however, that no such return, destruction, or deletion is required until the Producing Entity provides to the Receiving Party a privilege log providing the date, author, addressees, copyees, document type, general subject matter and asserted nature of the privilege of the documents for which notice of inadvertent production has been given. The Receiving Party may then move the Court for an order compelling production of the inadvertently disclosed material, but such motion shall not in any manner rely upon, or assert as a ground for entering such an order, information contained in any such returned material.

-7-

12.     Return, Destruction, and Retention of Confidentially Designated Information.

Within sixty (60) days after the conclusion of the Litigation all Confidentially Designated

Information and all copies thereof shall be returned to the Producing Entity or destroyed. If the

Producing Entity requests that its Confidentially Designated Information not be destroyed, each

Receiving Party shall return such information to the Producing Entity. Notwithstanding anything

else in this paragraph, a party shall not be required to deliver to another party any documents

containing attorney work product, but shall be permitted to retain one copy of all such documents

and destroy all other copies. Notwithstanding the foregoing, each party's counsel of record shall

be permitted to retain, for archival purposes, one copy of any work-product document, official

transcript or exhibit, brief, memoranda, or other document filed in court, that contains

Confidentially Designated Information. This section shall not apply to any copy of Confidentially

Designated Information retained by the Court.

13.     Third Party Attempts to Compel Disclosures. If any Receiving Party receives a

subpoena or other process from any person seeking production of a Producing Entity's

Confidentially Designated Information, the Receiving Party shall promptly give notice to the

Producing Entity, enclosing a copy of the subpoena or other process. To the extent permitted by

law, no disclosure may be made pursuant to the subpoena or other process until the Producing

Entity has had a reasonable opportunity to seek to quash such subpoena or process. Nothing herein

requires any party to be in contempt of a Court order or otherwise violate the law.

14.     Producing Entity's Rights. Nothing in this Order limits a Producing Entity's rights

concerning Discovery Material it produced.

15.     The provisions of this Stipulated Protective Order shall survive the conclusion of

this Litigation and of the Court's jurisdiction.

SO STIPULATED:

VLADECK, RASKIN & CLARK, P.C.

Jeremiah Iadevaia
Matthew Stein
565 Fifth Avenue, 9ᵗʰ Floor
New York, New York 10017
(212) 403-7300
*Attorneys for Plaintiff Steven Samedi*

SHEPPARD MULLIN RICHTER &
HAMPTON LLP

Jonathan Stoler
Eric Raphan
Lindsay Stone
30 Rockefeller Plaza
New York, New York 10112
(212) 653 – 8700
*Attorneys for Defendants Brooklyn Events
Center, LLC d/b/a Barclays Center, Brooklyn
Sports & Entertainment, Anschutz
Entertainment Group, Inc. and AEG
Management Brooklyn, LLC*

**DATED:** October 31, 2019

**SO ORDERED:**

The Honorable Roane L. Mann
United States Magistrate Judge

## EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

STEVEN SAMEDI,

                             Plaintiff,

                       v.

BROOKLYN EVENTS CENTER, LLC d/b/a
BARCLAYS CENTER, BROOKLYN SPORTS &
ENTERTAINMENT, ANSCHUTZ
ENTERTAINMENT GROUP, INC. and AEG
MANAGEMENT BROOKLYN, LLC,

                         Defendants.

Civil Action No. 1:19-cv-03273-ENV-RLM

**AGREEMENT TO RESPECT
CONFIDENTIAL MATERIAL**

_____ , being duly sworn, states:

A.        That [s]he resides at _____:

B.        That [s]he has read and understands the Stipulation and Order Regarding Confidential Material dated February ___, 2019 ("Stipulation and Order") entered into by the parties in the above-referenced action, and

C.        That [s]he is fully familiar with and agrees to comply with and be bound by the terms provisions of the Stipulation and Order.

                                        _____
                                        Name:
                                        Title:

Sworn to before me this
day of _____ . 20__ .

_____
       Notary Public